UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY LUIS TORRES,<br><br>         Petitioner,<br><br>v.<br><br>STUART SHERMAN, Warden,<br><br>         Respondent. | Case No.: 17CV978 MMA (BGS)<br><br>**ORDER:**<br>**(1) DENYING EX PARTE MOTION FOR APPOINTMENT OF COUNSEL TO FILE TRAVERSE TO RESPONDENT'S ANSWER TO PETITION**<br>**(2) GRANTING APPLICATION FOR A 30-DAY ENLARGEMENT OF TIME TO FILE TRAVERSE TO RESPONDENT'S ANSWER**<br><br>[ECF Nos. 13, 15] |

Petitioner Larry Luis Torres has filed an Ex Parte Motion for Appointment of Counsel to File Traverse to Respondent's Answer to Petition and an Ex Parte Application for a 30-Day Enlargement of Time to File Traverse to Respondent's Answer to the Petitioner for Writ of Habeas Corpus. (ECF Nos. 13, 15.) Petitioner seek appointment of counsel for purposes of filing a Traverse on his behalf. (*Id.* at 2.) He indicates that he needs counsel to file the Traverse because he is awaiting transfer and expects to be

1

without his property until the requested December 10, 2017[1] deadline to file his Traverse. (*Id.*)

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. *McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). In the Ninth Circuit, "[i]ndigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney*, 801 F.2d at 1196; *Knaubert*, 791 F.2d at 728-29. Although the Court has "discretion to appoint counsel for indigents when it determines 'that the interests of justice so require.'" *Chaney*, 801 F.2d at 1196 (quoting 18 U.S.C. § 3006A(g)).

Here, the only basis put forward for appointment of counsel is Petitioner's transfer and the impact that may have on his ability to timely file his Traverse due to limitations on his access to his legal materials. To the extent this could constitute a due process violation, it is better remedied through an additional extension of time beyond when Petitioner expects to regain access to his legal materials.

Accordingly, Petitioner's request for appointment of counsel is **DENIED** and his request for an extension of time to file his Traverse is **GRANTED**. Petitioner must file his Traverse on or before **January 10, 2018**.

**IT IS SO ORDERED.**

Dated: November 22, 2017

Hon. Bernard G. Skomal
United States Magistrate Judge

---

[1] Petitioner's Traverse is currently due on November 10, 2017.